IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DANIEL NELSON and DIANA NELSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. _____ |
| DIVERSIFIED LOGISTICS SERVICES, INC., ) | |
| LIBERTY TIRE SERVICE OF OHIO, LLC, ) | |
| and JORGE DIAZ, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

Defendant, LIBERTY TIRE SERVICE OF OHIO, LLC ("Liberty Tire"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files its Notice of Removal of the above-captioned action from the Superior Court of Newton County, Indiana, to this Court, based on the following grounds:

1. Plaintiffs filed their Complaint against Defendants on November 22, 2019, in the Superior Court of Newton County, Indiana, under Cause No. 56D01-1911-CT-1189. A true and accurate copy of the Complaint is attached as Exhibit A and fully incorporated here.

2. Plaintiffs achieved service on Liberty Tire before December 11, 2019.

3. All Defendants have answered the Complaint. Copies of the Answers filed in the state court are attached as Exhibits B and C and fully incorporated here.

4. Liberty Tire is a limited liability company organized in the State of Delaware with its principal place of business in Pittsburgh, Pennsylvania. Liberty Tire's sole

   member is Liberty Tire Services, LLC, a limited liability company organized in the State of Delaware with its principal place of business in Pittsburgh, Pennsylvania. The sole member of Liberty Tire Services, LLC, is Liberty Tire Recycling Holdco, LLC, a limited liability company organized in the State of Delaware with its principal place of business in Pittsburgh, Pennsylvania. The sole member of Liberty Tire Recycling Holdco, LLC, is LTR Intermediate Holdings, Inc., a corporation organized in the State of Delaware with its principal place of business in Pittsburgh, Pennsylvania. Liberty Tire is therefore a citizen of both the State of Delaware and of the Commonwealth of Pennsylvania.

5. Defendant Diversified Logistics, Inc., is a corporation organized in the State of New Jersey with its principal place of business in Berkeley Heights, New Jersey, and is therefore a citizen of the State of New Jersey.

6. Defendant Jorge Diaz is an individual residing in Orland Park, Illinois, and is a citizen of the State of Illinois.

7. Plaintiffs are both individuals residing in Lake Village, Indiana, and are citizens of the State of Indiana.

8. Because none of the Plaintiffs is a citizen of the same state as any of the Defendants, complete diversity of citizenship between the parties exists under 28 U.S.C. § 1332(a).

9. In their Complaint, Plaintiffs allege damages from personal injuries, and have requested punitive damages. In accordance with Ind. T.R. 8(A)(2), Plaintiffs have not specified a dollar amount in the request for relief in their complaint.

10. On May 14, 2020, Liberty Tire served Plaintiffs with requests for admission under Ind. T.R. 36 asking Plaintiffs to admit that the value of their claims did not exceed $75,000.00, exclusive of interest and costs. On May 15, 2020, Plaintiffs served responses on Liberty Tire denying all requests.

11. Plaintiffs' responses to Liberty Tire's requests for admission constitute the first "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

12. Also, after continued discussions with Liberty Tire's corporate representatives and review of documents regarding its corporate structure, its counsel definitively determined Liberty Tire's citizenship on May 29, 2020.

13. Although Liberty Tire denies the material allegations of Plaintiffs' Complaint, Plaintiffs' denials in response to requests for admissions establish that the amount in controversy, exclusive of interests and costs, exceeds the seventy-five thousand dollars ($75,000.00) threshold to invoke this Court's diversity jurisdiction.

14. This Court has original jurisdiction over the state-court action under 28 U.S.C. § 1332. This action is therefore removable to this Court under 28 U.S.C. §§ 1441 and 1446 because the matter in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and is between citizens of different states.

15. Defendant has filed this Notice of Removal within thirty days of determining that the case is removable.

16. Upon filing this Notice of Removal, Defendant will give written notice of that filing to all attorneys of record and the Clerk of the Superior Court of Newton County, Indiana.

    Respectfully submitted,

    **JOHNSON & BELL, P.C.**

    By _/s/ Adam J. Sedia_
        Adam J. Sedia, #28775-45
        11051 Broadway, Suite G
        Crown Point, IN 46307
        Phone (219) 791-1900
        Fax (219) 791-1901
        sediaa@jbltd.com

**Certificate of Service**

I hereby certify that on June 5, 2019, I electronically filed the foregoing paper with the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division at Lafayette, using the CM/ECF system which sent notification and a copy of such filing to all counsel of record.

    By _/s/ Adam J. Sedia_