**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| DANIEL NELSON and DIANA NELSON, | |
| Plaintiffs, | |
| v. | CAUSE NO.: 4:20-CV-44-TLS-JEM |
| DIVERSIFIED LOGISTICS SERVICES, INC., LIBERTY TIRE SERVICE OF OHIO, LLC, and JORGE DIAZ, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Objection to Removal [ECF No. 7], filed on June 8, 2020, which the Court construes as a Motion to Remand under 28 U.S.C. § 1447(c). Plaintiffs argue that the removal in this case was untimely under 28 U.S.C. § 1446(b) and request that the Court remand the case to state court. For the reasons set forth below, the Court grants the motion and remands this matter to state court.

**BACKGROUND**

On November 22, 2019, Plaintiffs filed a Complaint [ECF No. 3] against Defendants in the Newton County, Indiana, Superior Court, alleging state law tort claims. Plaintiffs achieved service of process on Defendant Liberty Tire Service of Ohio, LLC (Liberty Tire) prior to December 11, 2019. Not. of Removal ¶ 2, ECF No. 1. All Defendants answered the Complaint in state court. *Id.* ¶ 3. On June 5, 2020, Defendant Liberty Tire filed a Notice of Removal [ECF No. 1] pursuant 28 U.S.C. §§ 1441 and 1446 and based on diversity jurisdiction under 28 U.S.C. § 1332. Therein, Liberty Tire asserts that it filed the Notice of Removal within thirty days of determining that the case was removable, representing that it first ascertained that the amount in

controversy exceeded $75,000 on May 15, 2020. Not. of Removal ¶¶ 10–11, 13–15 (citing 28 U.S.C. § 1446(b)(3)).

## ANALYSIS

Federal courts are courts of limited jurisdiction. *See* U.S. Const. Art. III; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A defendant may remove to federal court a case that was originally filed in state court if the case satisfies certain jurisdictional requirements as provided by statute. *See* 28 U.S.C. §§ 1441–55. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a). Under diversity jurisdiction, which is asserted in this case, federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The parties do not dispute that the diversity of citizenship and amount in controversy requirements are met. Rather, Plaintiffs seek remand under 28 U.S.C. § 1447(c) on the basis that Liberty Tire's removal of this action was untimely.

"The general removal statute includes two different 30-day time limits for removal." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013) (citing 28 U.S.C. § 1446(b)(1), (3)). First, if a civil action is removable based on the initial pleading, the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). However, if the initial pleading is not removable on its face, as in this case, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper

2

from which it may be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). When removal is sought based on diversity jurisdiction and "the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Id.* § 1446(c)(3)(A).

In *Walker v. Trailer Transit, Inc.*, the Seventh Circuit Court of Appeals clarified that, "[a]s applied to the amount-in-controversy requirement, the clock commences *only* when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." 727 F.3d at 825 (clarifying the standard for triggering the 30-day limit under § 1446(b)(3)). Said differently, "the 30-day clock is triggered by pleadings, papers, and other litigation materials actually received by the defendant or filed with the state court during the course of litigation." *Id*. With respect to the amount in controversy, there must be a "specific, unequivocal statement *from the plaintiff* regarding the damages sought." *Id.* at 824 (emphasis added) (following the approach taken in other circuits). Determining whether the removal was timely "is limited to [examining the] contents of the clock-triggering pleading or other litigation paper" and "should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation." *Id.* at 825.

In this case, the action was not removable based on the initial pleading. *See* 28 U.S.C. § 1446(b)(1). Although Plaintiffs' Complaint alleges damages from personal injuries and requests punitive damages, no dollar amount is specified in compliance with Indiana Trial Rule 8(A)(2). *See* Pls.' Compl., ECF No. 3.

3

Rather, the 30-day time limit is governed by 28 U.S.C. § 1446(b)(3). In the Notice of Removal and in response to the instant motion, Liberty Tire asserts that it did not learn that the amount in controversy exceeded $75,000 until May 15, 2020, when it received Plaintiffs' responses to requests for admission served on May 14, 2020. Not. of Removal ¶¶ 10, 11, 13; Def.'s Resp. ¶ 8, ECF No. 9. The requests for admission asked Plaintiffs to admit that the value of their claims did not exceed $75,000, and Plaintiffs denied the requests. Not. of Removal ¶ 10. Thus, Liberty Tire asserts that Plaintiffs' responses to the requests for admission constituted the first "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* ¶ 11 (citing 28 U.S.C. § 1446(b)(3)); Def.'s Resp. ¶ 8.

In the instant motion, Plaintiffs argue that Liberty Tire learned that the amount in controversy exceeded $75,000 as early as prior to the filing of the Complaint and no later than January 9, 2020. Neither event meets the requirements of § 1446(b)(3). First, prior to filing suit, Plaintiffs disclosed to the defense a medical lien of $331,210.44. *See* Pls.' Mot. ¶ 7, ECF No. 7; Pls.' Mot. Ex. E, ECF No 7-5. However, the court in *Walker* made clear that only a "post-complaint" pleading or other paper can trigger the removal period. *See Walker*, 727 F.3d at 825 (holding that "other paper" under § 1446(b)(3) refers to a "post-complaint" document); *see also Mathur v. Hosp. Props. Tr.*, No. 13 cv 7206, 2014 WL 1287167, at *2 (N.D. Ill. Mar. 31, 2014) (finding that, in light of *Walker*, "a pre-complaint settlement demand is insufficient to trigger the 30-day removal clock upon service of the complaint").

Second, on January 9, 2020, counsel for Liberty Tire sent an email to counsel for Plaintiffs stating, in pertinent part, "Based upon my knowledge we have complete diversity among parties and given that Diversified Logistics has offered its $750,000 we exceed the

4

threshold of damages. Please advise if you intend on objecting to a Petition for Removal which we will be filing with the relevant Courts before the end of this week." Pls.' Mot. Ex. C, ECF Nos. 7-3; *see also* Pls.' Mot. ¶ 4. This communication from defense counsel does not trigger the 30-day removal period because the notice of the amount of monetary damages sought must come from Plaintiffs. *See Walker*, 727 F.3d at 823–25. Neither the subjective knowledge of Liberty Tire's attorney nor the tender of the policy limit by a co-defendant starts the clock as neither is an unambiguous statement from Plaintiffs of the amount of damages Plaintiffs are seeking. *See id.*; *Copeland v. N. Am. Pipe Corp.*, 17-CV-559, 2018 WL 557928, at *4 (W.D. Wis. Jan. 24, 2018) (finding that a "stipulation for compromise settlement" between the plaintiff, his employer, and the workers compensation carrier (named as an involuntary plaintiff with a subrogation claim), which listed the sums paid by the workers compensation carrier for medical bills, compensation for temporary disability, and a lump sum settlement for permanent disability and future medical expenses, was not "a specific, unequivocal statement from the plaintiff regarding the damages sought"); *Hostetler v. Johnson Controls, Inc.*, 3:15-CV-226, 2016 WL 3662263, at *5 (N.D. Ind. July 11, 2016) (finding that the defendant's ability to determine on its own that the amount-in-controversy requirement was met did not trigger the 30-day clock for removal).

In its response brief, Liberty Tire argues that settlement communications cannot put a defendant on notice of the amount in controversy to start the 30-day removal clock. Def.'s Br. ¶ 10 (citing Fed. R. Evid. 408). However, courts may consider settlement offers when determining the amount in controversy. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (rejecting the argument that Federal Rule of Evidence 408 precludes consideration of a settlement demand when determining the amount in controversy because the

amount in controversy is an inquiry independent of the claim's merit); *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (recognizing several ways, including a plaintiff's informal estimate or settlement demand, for a removing defendant to establish what the plaintiff stands to recover). In the context of determining whether the jurisdictional amount had been met, the court in *Rising-Moore* found that the plaintiff's attorney's valuation of the claim in making a settlement demand "is close in spirit to the *ad damnum* in a complaint; it makes sense to give it the same legal status." 435 F.3d at 816.

Likewise, for purposes of triggering the 30-day removal period, courts have found that a post-complaint settlement offer by a plaintiff may constitute an "other paper" providing sufficient notice of the amount in controversy. *See Applewood Farms, LLC v. Toomsen*, Case No. 1:18-CV-1358, 2019 WL 2319517, at *3 (C.D. Ill. May 31, 2019) (finding that a post-complaint settlement offer of $120,000 by the plaintiff was sufficient to put the defendant on notice of the amount in controversy in relation to the 30-day removal period (citing *Rising-Moore*, 435 F.3d at 816; *Meridian Sec. Ins. Co.*, 441 F.3d at 541)); *see also Mathur*, 2014 WL 1287167, at *2 (finding that plaintiff's affirmation in a post-complaint email that he would seek more than $75,000 should the matter proceed to trial constituted an "'other paper' sufficient to trigger the 30-day removal clock").

With their reply brief, Plaintiffs submitted an April 1, 2020 email from their attorney to counsel for Liberty Tire communicating Plaintiffs' demand for the combined policy and umbrella policy limit of $7,000,000. *See* Pls.' Reply 2, ECF No. 13; Pls.' Reply Ex. A, ECF No. 13-1. The email details Plaintiff Daniel Nelson's "serious and permanent injuries," including a traumatic brain injury, multiple rib fractures, an open book pelvis fracture with diastasis/separation of the sacroiliac joints and pubic symphysis, commuted fracture of the

6

posterior aspects of the bilateral iliac bones, acute kidney failure, degloving of the sacral region, hemorrhagic anemia resulting in multiple transfusions, a fracture of the lumbar spine at L5, facial lacerations, and serious spinal injuries with abnormal EMG findings. Pls.' Reply Ex. A. In addition, on April 28, 2020, counsel for Plaintiffs sent an email to counsel for Liberty Tire, asserting that Plaintiff "Daniel Nelson's claim has a value is in excess of $20,000,000" and indicating that Plaintiffs would accept $7,750,000 to resolve the case. Pls.' Reply Ex. B, ECF No. 13-2.

At the latest, Plaintiffs' April 28, 2020 valuation of the claim in excess of $20,000,000 and settlement offer of $7,750,000 "should have put the Defendants on notice that the amount in controversy exceeded $75,000." *Applewood Farms, LLC*, 2019 WL 2319517, at *3. As a result, the 30-day period for filing a notice of removal started no later than April 28, 2020, and the June 5, 2020 Notice of Removal is untimely. Therefore, the remand sought by Plaintiffs is proper.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to remand contained within Plaintiff's Objection to Removal [ECF No. 7] and REMANDS the case to the Newton County, Indiana, Superior Court.

SO ORDERED on July 10, 2020.

                                             s/ Theresa L. Springmann
                                             JUDGE THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT